UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DASHOD REED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. COOK, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:19-CV-00524-CLB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[ECF No. 20] |

This case involves a civil rights action that arises out of allegations that Defendants D. Cook ("Cook") and Harry Churchward ("Churchward") (collectively referred to as "Defendants") retaliated against Plaintiff Dashod Reed ("Reed") while he was incarcerated in the Nevada Department of Corrections ("NDOC") in 2019. Pending before the Court is Reed's motion for a preliminary injunction which arises from allegations of new acts of alleged retaliation that took place in 2021. (ECF No. 20.) Defendants opposed, (ECF No. 22), and Reed replied. (ECF No. 23.) For the reasons discussed below, the Court denies Reed's motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

　　**A.    Factual Background**

Reed is an inmate in the custody of the NDOC and is currently incarcerated at the Northern Nevada Correctional Center ("NNCC"). Proceeding *pro se*, Reed filed the instant civil rights action pursuant to 42 U.S.C. § 1983 for events that occurred while he was incarcerated in 2019. (ECF Nos. 1, 4.) In summary, the complaint alleged that in February 2019, Reed filed an emergency grievance because his cellmate had repeatedly stolen from him. (*See* ECF No. 4). Reed alleged he was brought to see sergeant Cook about the emergency grievance. Cook simply stated that Reed's unit caseworker could address the issue. When Reed persisted in requesting help, Cook stated, "since you like to file emergency grievances, I'm looking you up."

Cook then placed Reed in administrative segregation in retaliation for his emergency grievance. As a result, Reed lost his job, his work-time credits, and his housing assignment. After seven days in administrative segregation, Reed filed an informal grievance complaining about having been placed in administrative segregation. In retaliation for this grievance, inspector general Churchward filed a "nefarious" notice of charges alleging that Reed had falsified a report by filing the grievance. Reed was charged with an MJ-58, which created significant potential consequences, including the possibility of restitution or referral to the attorney general's office. Although the charges were ultimately dismissed, Reed was forced to defend himself in a very stressful, adversarial setting.

In accordance with 28 U.S.C. § 1915A(a), the District Court screened Reed's complaint and allowed Reed's First Amendment claim for retaliation to proceed against Defendants. (ECF No. 3.)

**B.    Motion for Preliminary Injunction**

On July 19, 2021, Reed filed the instant motion for preliminary injunction. (ECF No. 20.) In the motion, Reed claims that on June 23, 2021—over three years after the events alleged in the complaint occurred—he was moved to administrative segregation. In addition, he claims that he filed an emergency grievance requesting property, including legal materials, be returned to him. Although Reed acknowledges most of his property was returned, he asserts that "documents incriminating to Defendants" were missing from his property, as well as a portion of his personal property. (*Id.* at 1-2.) Reed also claims that his grievance was returned to him as "untimely filed." (*Id.* at 2.) Based on these allegations, Reed seeks an injunction against Defendants to "immediately stop the ongoing retaliation; return his legal and personal property . . . and to process" his grievance. (*Id.* at 3.)

Defendants oppose the motion. (ECF No. 22.) Defendants argue the motion must be denied for a variety of reasons. Of particular significance, however, Defendants argue that the acts alleged in the motion have no relationship to the issues and claims asserted

in the complaint and on this basis alone, the motion should be denied. (*Id.* at 4.)  In reply to Defendant's argument, Reed asserts that the facts alleged in the motion are related to the facts asserted in the complaint because there is a common theme of retaliation. (ECF No. 23 at 3.)

Having reviewed the above filings, the Court finds that Reed's motion must be denied.

## II.   LEGAL STANDARD

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winters v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). However, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id.*

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. Feb. 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-01953-BEN-KSC, 2017 WL 6048805, at *4-5 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

///

## III. DISCUSSION

Reed's motion must be denied because Reed has failed to establish the allegations of "retaliation" contained in the motion have any nexus or relationship to the allegations of retaliation in the underlying complaint. Here, the facts giving rise to the complaint arose from distinct events that occurred in 2019, involving Defendants. By contrast, the facts asserted in the motion relate to acts taken in 2021—approximately three years after the complaint was filed. Although Reed's motion asserts claims of retaliation based on being placed in administrative segregation and the processing of his grievances, which are similar to the allegations in the complaint, he does not provide any evidence or provide any factual basis to establish that these new acts are related to the acts alleged in the lawsuit. In fact, Reed's motion fails to state who was responsible for the most recent acts of placing him in administrative segregation, taking his property, or processing his grievance. As such, there is no evidence or facts alleging that either Defendant named in this case was responsible for allegations in the motion, which took place in 2021.

Like the *Mitchell* and *Burton* cases above, Reed's motion alleges new and distinct claims of mistreatment from those asserted in the complaint. As such, Reed has failed to show any relationship between those alleged injuries and the allegations contained in his complaint. Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *See Pac. Radiation Oncology*, 810 F.3d at 636.[1]

## IV. CONCLUSION

For the reasons stated above, Reed's motion for preliminary injunction, (ECF No. 20), is denied.

DATED: August 31, 2021.

**UNITED STATES MAGISTRATE JUDGE**

---

[1] If Reed believes that he has been subjected to new acts of retaliation, his remedy is not a preliminary injunction. Rather, he is required to file a new lawsuit asserting these new allegations after exhausting his administrative remedies.

4